THE TOWNSHIP OF LOVINGTON, Appellee, *vs.* STANTON ADKINS, Appellant.

*Opinion filed February 20, 1908.*

1. HIGHWAYS—*party is entitled to know what part of highway he is claimed to be obstructing.* One who is charged with obstructing a highway is entitled to understand from the notice what place he is obstructing, so that he may ascertain his rights at that place.

2. SAME—*proof must show that obstruction exists as claimed in declaration and notice.* Where the notice to remove an obstruction and the declaration in an action of debt to recover a penalty for failure to remove the obstruction charge that the defendant is obstructing the highway along the entire frontage of the land owned by him in a certain section, a recovery cannot be had upon proof that he is obstructing only a small part or strip of the road.

3. SAME—*proof of donor's intention in dedicating is admissible, though not conclusive.* The intention of the donor in dedicating lands for a public highway cannot prevail over his inconsistent acts and conduct, but he should be allowed to testify as to such intention, and his testimony may be considered with all the other facts and circumstances in the case.

4. SAME—*when order of highway commissioners is not admissible to show statutory road.* Where the statute in force requires all public highways laid out by order of the highway commissioners to be not less than four rods wide, an order of highway commissioners laying out a road forty feet wide is not admissible, in a road obstruction case, to show a statutory road legally established.

5. APPEALS AND ERRORS—*when error in not admitting a plat of survey cannot be availed of.* Error in not admitting a properly identified plat of a survey in evidence in a road obstruction case cannot be taken advantage of on appeal, where the plat is not preserved in the bill of exceptions.

APPEAL from the Circuit Court of Moultrie county; the Hon. W. C. JOHNS, Judge, presiding.

JOHN E. JENNINGS, E. E. WRIGHT, and W. K. WHITFIELD, for appellant.

E. J. MILLER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action of debt brought in the circuit court of Moultrie county by the highway commissioners, in the name of the township of Lovington, against appellant, to recover the statutory penalties for alleged obstruction of a highway and for failure to remove the alleged obstruction after notice.

The declaration contained six counts. On the trial the court instructed the jury that no recovery could be had on the first, third and fourth counts, but held, on demurrer, the second, fourth and sixth counts good. Plaintiff was ruled to file a bill of particulars. Defendant pleaded the general issue and the two years Statute of Limitations.

The three counts remaining in the declaration each substantially charged that in the year 1868 a public highway forty feet in width was opened by order of the commissioners of highways, extending east and west along the entire distance of the south side of section 33, township 15, north, range 5, east of the third principal meridian, in said county, the center of the highway being the south line of said section 33; that said highway had been from that year continuously down to the commencement of the suit a public road used for travel by the general public, and had been under the care and control of said commissioners for more than fifteen years before the commencement of the suit; that the north twenty feet of said highway along said section was taken off of the south side of said section 33. The jury returned a verdict against appellant, fixing a penalty of $336.50, and, after motion for new trial had been overruled and judgment entered, the case was appealed to this court.

In April, 1868, the highway commissioners of the said township entered an order by the provisions of which they attempted to lay out a highway forty feet in width, having the township line at the south side of said section as its center. Said order also provided for the laying out of a road both east and west of said section 33. There was at that time a road, which had been traveled for some years, running along or closely adjacent to the line of this proposed new road. It appears that just west of section 33 there is a small river or creek, and that the old road, in 1868, in order to cross at the ford in the river, bent south, commencing to turn in that direction some distance east and west of the river, and after the new road was laid out by said order in that year the travel still kept to the old road in crossing the ford, as there was no bridge across the river until about 1880. The evidence also disclosed that the road, when adjacent to the south-east forty of said section 33, previous to the order of 1868 did not run directly

along the town line, but, commencing at the west portion of said south-east forty of said section, angled in a south-easterly direction across section 4, in township 14 of said range 5. The evidence tends very strongly to show that up to 1880 the traveled road did not touch the east or west forty of section 33 and only bordered it along the south part of the two middle forties of said section 33. In 1880 appellant, who then owned the south-east forty of said section 33 and the north-east forty of said section 4, signed an agreement with the highway commissioners by which he released forty feet in width for a road along the section line, a distance of eighty rods, between said two forty-acre tracts above mentioned,—twenty feet off of each forty. At the time this suit was commenced appellant owned all of the south half of section 33 except ten acres in the south-west corner. He had been the owner of the east half of said south half for about thirty years, and the owner of the west half, except the ten acres, for some twenty years. He was also the owner of the west half of said section 4 adjacent to the road in controversy.

In 1878 appellant employed county surveyor Jones, of Moultrie county, to make a survey of the lands along this road south of section 33 and to mark the corners of the land of appellant by placing stones thereat. The evidence tends to show that this survey was intended to be made along the town line between the townships, which is also at this point the line between said sections 33 and 4. The evidence also tends to show that after the survey had been made, when setting his fence on the north side of the road, said fence, beginning somewhere near the south-east corner of section 33, bore in a southerly direction to a point south of the center of said section, and from that point bore in a northerly direction until near the south-west corner of said section 33. The evidence also tends to show that this fence, along the north side of the road as now built, at a point directly south of the center of section 33, is about

232—33

twenty-three or twenty-four feet south of a straight east and west line drawn between the south-east and south-west corners of said section 33. The evidence would lead to the conclusion that one stone was set by said surveyor Jones at the south-east corner of said section 33 and at least three others at intervals of a quarter of a mile west of this, and that these four stones marked the center of the forty-foot highway as it was traveled for some years thereafter.

We understand that appellee claims that this survey of Jones angles toward the south from both the south-western and south-eastern corners of said section 33. There is, however, very strong conflict in the testimony as to just how far south of a straight east and west line run between said section corners this road has occupied since 1880, the contention of appellee being that appellant has gradually moved various sections of his fence on the north side of the road into the road and encroached upon the highway proper. There is also very sharp conflict in the evidence as to the character and location of the fence built at various times along the south side of said section 33 by appellant. The fence along the north side of the road, running westerly for the first quarter of a mile from the south-east corner of said section 33, was originally a rail fence built in the early eighties. This was replaced, seven or eight years before the commencement of this suit, by a wire fence. It is contended by appellant that the wire fence was placed substantially where the old rail fence was, while there is much testimony for appellee which tends to show that this wire fence was placed outside of and several feet south of the old rail fence, some witnesses claiming that there was room for a man to walk between the location of the two. The evidence tends to show that for the next eighty rods to the west of this, in the early eighties, a board-and-post fence was built along the northern boundary of the road, and that this was replaced by a post-and-wire fence some seven or eight years ago. Appellant contends that the last

fence was built exactly along the line of the first fence, while there is some testimony tending to show that it was put south of it. Along part of the third eighty rods west from the south-east corner of said section 33 there was an old rail fence built some twenty or thirty years ago. The great weight of the testimony tends to show that this rail fence is still there. The length is estimated by the various witnesses from twenty to forty rods. The great majority of appellee's witnesses testify that the rail fence is there now, exactly where it was first built. One or two of its witnesses testified that a rail fence is not there now, and that the fence that is there is south of where the original one was built. Along the west portion of said same eighty-rod stretch there is a wire fence, and there is testimony tending to show that immediately north of this wire fence an old rail fence formerly stood. West of this, for possibly half of the next quarter of a mile, there is a post-and-wire fence along the north side of the road, except in front of an old garden, where a picket fence appears to be standing. The evidence as to the setting and re-setting of said various sections of said fence along appellant's south line on the north side of said road is very conflicting. That on the part of appellee tending to show that appellant re-set a new fence south of the old fence is, as to certain portions, much stronger than that as to others. Indeed, as we have said heretofore, the great weight of appellee's testimony, agreeing with appellant's, is that some of the fence along a portion of the eighty rods immediately west of the south quarter corner of said section 33 is the same rail fence that has always been there and in the same place.

It is insisted by appellant that the notice is not sufficiently definite in form. It demands that he remove his fence from the highway running east and west of said section 33 between the south-east corner of said section and the south-east corner of the said south-west quarter of the south-west quarter of the south-west quarter of said section,

"your fence on the south side of said section being placed too far south, so that it is within the boundary line of said public highway." We think it is plain from this notice, as well as from the declaration and bill of particulars, that it was intended to charge that the fence was in the highway for the entire distance along the seven-eighths of a mile frontage of said section 33 owned by appellant. Appellant insists that, even if this be true, neither the instructions nor the proof conformed to the allegations in this particular. The proof must correspond with the allegations and bill of particulars. (*Waidner* v. *Pauly*, 141 Ill. 442; *McDonald* v. *People*, 126 id. 150.) When a notice charges a person with obstructing a road, such person is entitled to understand from the notice what place he is obstructing, so he may ascertain what his rights are, and then the proof must correspond with this notice. *Farlow* v. *Town of Camp Point*, 186 Ill. 256.

The tenth instruction given by the court attempts to lay down a rule as to the amount of encroachment necessary to make appellant liable. We think it is so drawn as to be open to appellant's criticism that the jury may have been led to believe they could find appellant guilty even if the encroachment was upon "even a small part or strip of the public highway."

Appellant asked to have given instructions which provided specifically that in order to recover under the declaration and notice there must have been encroachment along the entire south frontage of that part of said section 33 owned by appellant. These instructions were refused or modified. While some of the instructions given might be construed to mean that the proof must show an encroachment along the entire front in order that recovery might be had against the appellant, still several of the instructions given are fairly open to the construction that the appellant would be liable if he encroached on the road for only a small portion of the entire distance. Appellant was en-

titled to have the instructions state the law accurately on this point. While it is true the instructions must be considered as an entire series, nevertheless, taking them as a series, they are still open to this criticism.

Counsel for appellant sought to show that it was not appellant's intention to dedicate a twenty-foot strip of land off the south side of said section 33 for highway purposes, if it was a fact that the south line of the said section is a straight east and west line, but the court refused to allow the question to be answered. This evidence was proper. The rule is, that the intent to dedicate will not be permitted to prevail against the unequivocal acts and conduct of the owner inconsistent with such intent. Where the owner swears what his intention was, he can be contradicted by his acts, conduct or declarations; but the law permits the owner to testify as to what his intention actually was, and this testimony is to be considered in connection with all the other facts and circumstances in the case. *City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co.* 152 Ill. 561; *Township of Madison* v. *Gallagher,* 159 id. 105; *Seidschlag* v. *Town of Antioch,* 207 id. 280; *Town of Bethel* v. *Pruett,* 215 id. 162.

The statute in force in 1868 provided that the roads laid out by order of the commissioners of highways at that time should not be less than four rods in width. (Session Laws of 1861, p. 257.) The order of the commissioners called for a forty-foot road, and therefore it is clear that the road was not laid out in accordance with the statute. The trial court seems to have taken this view, but still allowed the order of the commissioners to remain in the record without limiting the purpose for which it was offered. These records were not admissible as showing a statutory road legally established, but they may have been admissible, if properly limited in competency and applicability, as tending to show the line of travel by the public to prove a highway by prescription. *Seidschlag* v. *Town of Antioch, supra.*

In the record before us the only documentary proof that the road in question was dedicated along the town line twenty feet on each side thereof is as to the east quarter of a mile. It may be claimed that this portion of the road was dedicated by appellant in 1880, as heretofore stated. Appellant insists that if he did, in fact, dedicate any land off from the south side of said section 33, it was only the north half of the road as surveyed by surveyor Jones, and he also insists that the road has always been traveled along the line of said Jones survey, and not along a straight line connecting the south-east and south-west corners of the section. Surveyor Loring made a survey just previous to the hearing of this case, and testified, over the objection of appellant, that the town line between said sections 33 and 4 was a straight line running east and west between the south-east and south-west corners of said section 33, and that the south quarter corner of said section was twenty-three or twenty-four feet north of the stone alleged to have been placed by surveyor Jones in the center of the road at that point some thirty years before. If the road laid out by the highway commissioners in 1868 at this point had been a legal, statutory road, and so shown by the proceedings, it would have been entirely proper to admit surveyor Loring's testimony, but in the present state of the record it would not be proper to admit it unless there was testimony tending to show that the road was originally traveled along said town and section line, running in a straight line between the section corners, and that said line was the center of said road as so traveled. It is true that after witness Loring testified, the appellant testified to the effect that surveyor Jones told him the township line at this point did not run straight east and west, and certain surveyors who testified for appellee after Loring had testified, stated that the town line was not at that point a straight east and west line; but in the condition of the record at the time Loring's testimony was introduced we think it was error to

admit it, and the court should have sustained the objection of appellant thereto. *Kyle* v. *Town of Logan,* 87 Ill. 64; *Hiner* v. *People,* 34 id. 297.

It is also urged that the court erred in not permitting the plat of the survey made by surveyor Jones to be admitted in evidence. Jones himself was not living at the time of the trial, but the survey seems to have been properly identified as having been made by him. It should have been admitted, but as the plat of the survey was not preserved in the bill of exceptions it cannot be taken advantage of on this appeal. *Seidschlag* v. *Town of Antioch, supra.*

As this case must be reversed for the errors heretofore indicated we will not comment upon the testimony. The question at issue was not whether the authorities, in conformity with the statutory requirements, laid out the road along said town line, but whether there had been an encroachment by appellant upon the road as it actually existed, either by dedication or prescription.

For the errors as to instructions and as to the admission of evidence, heretofore pointed out, the judgment will be reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*