The People of the State of Illinois, Plaintiffs-Appellees,
v. John R. Harrell, Vance Comer, Carl Stanley
and Flora Alice Rowan, Defendants-Appellants.

Gen. No. 61–O–26.

Fourth District.

February 17, 1962.

Unger, Litak & Groppi, of Danville, for appellant.

William G. Clark, Attorney General, and Fred G. Leach, Assistant Attorney General, of Springfield, and H. Carroll Bayler, State's Attorney, Clay County, of Louisville, for appellee.

SCHEINEMAN, J.

Defendants were convicted, after trial by jury, on informations charging failure to send their respective children to school. The fines imposed were $20 on each count. The defendants appealed to the Illinois Supreme Court, which transferred the case to this court.

The abstract does not purport to present the informations verbatim, and does not indicate the dates of offenses charged. The abstract of testimony indicates that the several children involved had been enrolled in and attending public schools in Clay County. Some time in the latter part of February or early March, 1961, on different days, the several children ceased their attendance at the schools where they were enrolled. This fact is established beyond a reasonable doubt, and defendants do not deny it. They seek to justify on the ground that they had organized a private or parochial school (it is not clear which), and the children were attending that school.

From the evidence, it appears that the defendant, Harrell, has an establishment for religious purposes, referred to as a "retreat." It is claimed that Mr. Harrell had obtained a licensed physician to organize a school at this retreat, where the children would be taught. This doctor was called as a witness for the defense.

He testified he temporarily has the occupation of organizing a religious school at the John Harrell residence, that "they are still very much in the process of

completing their organization of the school." On cross-examination it was brought out that no attendance records were kept, there were. no registration cards; one of the truants had not yet finished in high school "but is a qualified teacher" and is the music teacher. He did not know a private school must have a program comparable to a public school. The school owns no text books, children brought some from Grayville, Granite City, Louisville, etc. He did not know what the names of any texts were. He considered that credits from this school would be recognized by high schools or colleges because a child may enter "by examination." He did not know what would be the eligibility in the State Universities. He did not ask the children for a transcript of subjects they had taken, nor require a transfer from their previous schools, nor notify those schools. This witness does not have any regular hours for teaching, he is the organizer. He did not know of anyone out there who had a teacher's certificate.

The County Superintendent of Schools had testified for the People that he received a report of the absence of the Harrell children on February 27th. At 1:15 p. m. he telephoned Mr. Harrell and asked that the two boys be back in school on Wednesday, March 1st. The defendant replied he might start a school of his own. He was again urged to have the children in school on Wednesday. On March 2d, there was another telephone conversation, in which the defendant said he still did not have his school started. He asked for a list of substitute teachers, and was supplied with six names of people used in the public school system. None of these was used by the defendants. The conversations were corroborated by the assistant superintendent who heard them on an extension phone.

██ Our Compulsory School Law, Ill Rev St Ch 122, Sec 26.1 to 26.9, has received a liberal construction

in Illinois courts. The term "private school" as a lawful substitute for public schooling has been extended to include home schooling, where the teacher is competent, the required subjects are taught, and the child receives an education at least equivalent to public schooling. People v. Levisen, 404 Ill 574, 90 NE2d 213.

The cited case referred to a child of third grade age. Her father was a college graduate and a minister in his church, her mother had two years of college with courses in pedagogy and educational psychology. It was conceded by the People that the child was receiving third grade work at home for five hours a day besides vocal music, that she had regular hours for study and recitation, that she showed proficiency comparable to average third grade students. In restricting its decision to the specified conditions, the court said:

"We do not imply that parents may, under a pretext of instruction by a private tutor or by the parents themselves, evade their responsibility to educate their children. Those who prefer this method as a substitute for attendance at public school have the burden of showing that they have in good faith provided an adequate course of instruction in the prescribed branches of learning. This burden is not satisfied if the evidence fails to show a type of instruction and discipline having the required quality and character. No parent can be said to have a right to deprive his child of educational advantages at least commensurate with the standards prescribed for public schools, and any failure to provide such benefits is a matter of great concern to the courts."

■ In our opinion, the jury could properly find from the evidence beyond a reasonable doubt, that the defendants kept their children out of public school before an adequate private school was in existence,

208

and that at the time of the trial the private school was still disorganized, lacking in system, with mostly inexperienced teachers attempting to teach from textbooks without uniformity. The evidence does not measure up to the requirements set out above, and there can be no reasonable doubt the defendants were guilty of violating the law on the specified dates.

█ . The defendants have abstracted three of the People's tendered instructions without the required notations thereon. No other instruction, given or refused, is abstracted. Under this condition, a court of review does not consider alleged errors in instructions. People v. Gawlick, 350 Ill 359, 363; Votrian v. Quick, 271 Ill App 259, 263.

█ The defendants assert they were not properly notified to have their children in school, because the notice required by Sec 26.6 of the School Code was served by the County Superintendent instead of by a truant officer. The purpose of the section is to give parents an opportunity to comply with the law before a prosecution is commenced. This purpose was accomplished. Not all districts have truant officers as such, which the legislature recognized in other sections. We cannot accept the idea that the law could not be enforced in those districts. We hold that it is not material who serves the notice. There can be no question that the defendants were notified, since they retained counsel who conducted their defense.

We have considered the numerous other points made in defendants' brief, most of them involve rulings within the discretion of the trial judge, as indicated in the People's brief. We find no reversible error, and the judgments are affirmed.

Judgments affirmed.

HOFFMAN, P. J. and CULBERTSON, J., concur.