(No. 37867.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES JOHNSON, Plaintiff in Error.

*Opinion filed Nov. 24, 1964.—Rehearing denied Jan. 19, 1965.*

P. Phillips Connor, of Chicago, and Joan Webster Connor, of Evanston, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and George W. Kenney, Assistant Attorneys General, and Elmer C. Kissane and John Gannon, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

The defendant, Charles Johnson, was convicted of rape after a trial by jury and was sentenced to the penitentiary for not less than five nor more than fifteen years. A previous conviction for the same offense, which had resulted in a sentence of fifteen years' imprisonment, was reversed by this court because of an erroneous instruction to the jury. (*People* v. *Johnson,* 23 Ill. 2d 465.) The defendant now seeks direct review of the judgment entered at the second trial on the ground that his constitutional rights under the due process and equal protection provisions of the Fourteenth Amendment were violated by the alleged failure of the trial judge to give credit for time served by the defendant under the prior sentence for the same crime. He also

contends that the evidence is insufficient to sustain the conviction and that the trial court erred in denying his request for access to the testimony of the prosecutrix before the grand jury, in limiting the scope of cross-examination and in instructing the jury.

The prosecutrix testified that on January 24, 1959, she and her son were carrying a clothes cabinet into an alley when the defendant approached them and insisted on helping them even though they declined his offer of assistance. After they had returned to their apartment, the defendant knocked at the door and attempted unsuccessfully to sell some jewelry. He then left but returned twice within a short time. The prosecutrix testified that when she told the defendant to leave the third time he put his hand into his coat pocket and pushed a hard object against her stomach and told her, "Don't move or holler or I will kill you." He forced her out of the apartment, into a hall and upstairs into a hallway bathroom where he raped her. The defendant told her that he would let her go if she promised not to call the police. She returned to her apartment and then went to her aunt's home across the street and related what had happened.

The police officer who arrested the defendant a week after the alleged offense testified that the defendant said, "I expected this. I stayed out of your district for the past week." He also testified that the defendant later asked for "a break" and said that he was willing to "plead guilty to a misdemeanor." The prosecutrix's testimony was corroborated in various aspects by that of her son, her two brothers and the doctor who examined her on the day of the offense. But at the second trial, as at the first, there were discrepancies and alleged improbabilities in the testimony of the prosecutrix and other witnesses for the prosecution.

We consider first the question whether the defendant was entitled to be given access to the prosecutrix's testi-

mony before the grand jury. It is clear from the record that her testimony at the trial was vital to the State's case and that defense counsel requested her grand jury testimony for impeachment purposes. He first ascertained that the prosecutrix had testified before the grand jury concerning matters to which she testified at the trial. He then made a motion for the production of the grand jury testimony of that witness only. The trial court denied the motion without examining the grand jury minutes. The defendant contends that in the circumstances of this case fairness requires that he be given an opportunity to examine the statements made by the prosecutrix before the grand jury. The State does not dispute the significance or competence of those statements, but it argues that the tradition of grand jury secrecy justifies the ruling of the trial court.

This court has previously considered the right of an accused to examine evidence in the State's possession. In *People* v. *Wolff,* 19 Ill. 2d 318, and *People* v. *Moses,* 11 Ill. 2d 84, we held that where witnesses for the prosecution have made pretrial statements which are in the possession and control of the State they must be made available to the defendant. (See also *People* v. *Wright,* 30 Ill. 2d 519.) We noted the importance of such documents to a proper defense and agreed with the view expressed by Judge Cooley that " 'The State has no interest in interposing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons.' " (11 Ill. 2d at 89.) It is evident that the rationale of the *Wolff-Moses* rule is fully applicable to the case before us unless the special functions of grand jury investigations require a different result.

The policy of grand jury secrecy is intended (1) to prevent the accused from escaping before he is indicted and from tampering with witnesses; (2) to protect an accused person who is not indicted against unwarranted exposure;

(3) to encourage uninhibited deliberations by the grand jurors; and (4) to encourage witnesses to testify before the grand jury without fear of public disclosure. 8 Wigmore on Evidence, 3rd ed., sec. 2360.

None of those reasons is applicable in the present case, where the accused seeks only the transcript of the testimony of a witness who has testified at the trial. Plainly the disclosure of grand jury minutes after an indictment is returned and the case proceeds to trial will involve no danger of flight by the accused and no risk of damage to his reputation. Nor is it to be expected that he will tamper with a witness who has already testified against him. There will be no impediment to future grand jury deliberations since such deliberations will remain secret. Finally, it is in no sense unfair to a witness who testifies at the trial to reveal his previous testimony. "If he tells the truth, and the truth is the same as he testified before the grand jury, the disclosure of the former testimony cannot possibly bring to him any harm * * * which his testimony on the open trial does not equally tend to produce. If, on the other hand, he now testifies falsely, or if he testifies truly but formerly falsely, he is in no way a person who ought to have any privilege." 8 Wigmore on Evidence, 3d ed., sec. 2362.

These considerations have led this court to hold that a witness's statements before the grand jury may be used for impeachment purposes at a subsequent trial. In *Bressler* v. *People,* 117 Ill. 422, for example, a grand juror was permitted to testify to the witness's prior inconsistent statement before the grand jury. What was said there applies equally to the case before us: "When the indictment is returned, and the defendant arrested and placed upon trial, neither the statutory nor common law reasons for secrecy can apply. There can be no reason, then, why evidence given before a grand jury should not be made known and proved, if the ends of justice require it. A contrary course

would tend to defeat instead of to promote justice, and be directly in opposition to the tendency of the age, which is to enlarge, rather than to contract, the sources of evidence." (117 Ill. at 437.) To the same effect see *People* v. *Goldberg,* 302 Ill. 559, 564; *Hoge* v. *People,* 117 Ill. 35, 49.

The State contends, however, that the trial court's refusal to order production of the prosecutrix's testimony before the grand jury is supported by *People* v. *Moretti,* 6 Ill. 2d 494, which was decided prior to the adoption of the *Wolff-Moses* rule, and by *Pittsburgh Plate Glass Co.* v. *United States,* 360 U.S. 395, 3 L. ed. 2d 1323. In the *Moretti* case the prosecution read to the jury most of the defendant's testimony before the grand jury. The defendant was given access to the transcript of that testimony, but he argued that the testimony of all other witnesses before the grand jury should also have been made available to him. This court rejected the defendant's assertion that " 'when privileged or secret minutes are partially disclosed, the full text must be disclosed.' " (6 Ill.2d 530-31.) In the present case, unlike *Moretti,* the defendant does not base his contention upon the theory that partial disclosure of grand jury minutes requires full disclosure, and he has not requested the testimony of any witness other than the prosecutrix. The holding in the *Moretti* case, therefore, does not govern the situation before us. In so far as that case suggested by *dictum* that a defendant is prejudiced "only when he is denied access to such portions of the [grand jury] transcripts as are employed by the prosecution at the trial" (6 Ill. 2d at 531), it has been displaced by our decision in *People* v. *Moses,* 11 Ill. 2d 84. No reason is apparent why the prosecution alone should be free to introduce a witness's statements before the grand jury. The *Wolff-Moses* rule rejects such a result as being contrary to "a right sense of justice."

*Pittsburgh Plate Glass Co.* v. *United States,* 360 U.S.

608

395, 3 L. ed. 2d 1323, upon which the State also relies, involved a construction of Rule 6(c) of the Federal Rules of Criminal Procedure. The Court there held, over the dissent of four of its members, that federal district courts have discretion to deny a request for the production of grand jury testimony where the defendant fails "to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." (360 U.S. at 400.) As indicated above, this court has held that the policy of grand jury secrecy is not violated by disclosing the testimony of witnesses who testify at the trial. The majority in *Pittsburgh Plate Glass* assessed the policy of secrecy differently, but we adhere to the views expressed in *People* v. *Goldberg*, 302 Ill. 559, 564, and the other cases cited.

It is unnecessary to pass upon the constitutional issue raised by the defendant since the new Code of Criminal Procedure, which requires that the time served by the accused pending appeal be credited to the subsequent sentence (Ill. Rev. Stat. 1963, chap. 38, pars. 121—14, 125—3,) will govern the new trial. Other questions presented in this case are unlikely to recur. The judgment of the criminal court of Cook County is reversed and the cause is remanded.

*Reversed and remanded.*