**People of the State of Illinois, Defendant in Error, v. James Dorsey, Plaintiff in Error.**

**Gen. No. 50,108.**

First District, Third Division.

January 13, 1966.

Rehearing denied February 3, 1966.

Donald W. Carlin, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John Gannon, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

James Dorsey and James Wallace were convicted by a jury of the crime of attempt to commit robbery (Ill Rev Stats 1961, c 38, § 8–4) and were sentenced by the trial court to the Illinois State Penitentiary for a term of from twelve to fourteen years. The theory of the defendant Dorsey on appeal is that the trial court erred in refusing

to admit certain hospital records in evidence, and that such prejudicial error demands a reversal of his conviction.

On November 14, 1962, a Task Force Undercover Unit of the Chicago Police Department was operating in the area of 43rd and Forrestville. Officer Kenneth W. Bartels, a member of the unit, posing as a decoy, was under the surveillance of other members of the unit as he walked down the street. At approximately 10:30 p. m. a scuffle occurred between Officer Bartels, the defendant, and Wallace, during which scuffle Officer Bartels was struck on the head with a bottle. Both the defendant and Wallace were arrested by other members of the Undercover Unit.

The testimony of the defendant and Wallace differs materially from that of the police with regard to the circumstances surrounding the scuffle and arrest. Wallace testified that he was walking down the street when he saw a drunk approaching. He mistook Officer Bartels for a friend of his and took Bartels by the arm in order to assist him. Wallace was immediately thrown down by Bartels, and when he fought back, he struck Bartels on the head with a bottle.

The defendant testified that he saw Officer Bartels and Wallace fighting and when he approached the two to tell them to stop, he was knocked unconscious from a blow on the back of his head. The defendant allegedly suffered a severe cut on his head from the blow. When he regained consciousness he testified that he was kicked and beaten and then thrown into a patrol wagon.

The defendant stated that he was then taken to a police station where he was again kicked and beaten and hit on the head with a blackjack. He observed Wallace being given the same treatment. The defendant testified that he and Wallace were then taken to the Bridewell hospital where defendant's alleged cut on the scalp was stitched up.

The evidence adduced by the State was as follows: Police Officer Bartels stated that two men approached him from the rear as he walked down the street, and as the defendant spun him around, he received a sharp blow on the back of the head. Bartels fell into a doorway and pulled the defendant down on top of him. As Wallace kicked him in the back Wallace said to the defendant, "Get his wallet, get his wallet." The other members of the undercover unit then arrived on the scene and apprehended both the defendant and Wallace. One police officer testified that he struck the defendant on the side of the face during the arrest.

The two men were taken to a police station and during an interrogation the defendant stated, "We attempted to rob the man." The two men were then taken to a hospital.

At the trial all of the police officers denied striking the defendant on the back of the head, and all denied beating him.

Elizabeth Dolan, a nurse employed at the Cook County Jail since January 1, 1963, approximately six weeks after the arrest of the defendant, was called to testify on behalf of the defendant. She brought with her certain medical records from the Cook County Jail hospital. She testified that she was capable of reading them and had occasion to make notations thereon, but no entries had been made by her at the time of defendant's arrest or at the time defendant was at the hospital. The court upon objection, refused to admit the hospital records in evidence because of lack of a proper foundation for their introduction.

Jean McKay, the medical record librarian at the Cermak Memorial hospital, a subdivision of the House of Correction, was also called to testify for the defendant. She stated that she kept all hospital records under her supervision and control. The court refused to admit the records.

443

The defendant contends on appeal that the trial court erred when it refused to admit the hospital records in evidence. He contends that these records would: (a) tend to substantiate his story that he was beaten and tortured by the police; (b) cast doubt upon the credibility of the police officers who denied striking and otherwise mistreating him, and (c) brand as involuntary certain incriminating statements allegedly made by him while in police custody.

It is unnecessary to determine the question of whether the trial court properly excluded the hospital records, or to determine whether or not a proper foundation had been laid for their admittance. For the following reason, the decision of the trial court must be affirmed. At the trial, after the court had sustained the objections to the admission of the hospital records, the defendant made no offer of proof as to their contents. The hospital records have not been made a part of the record on appeal. There is nothing before us which discloses what the hospital records contained.

 In order for alleged errors in the exclusion of evidence to be considered on review, the record must show the evidence, exclusion thereof, objections to such exclusion, and other facts or matters necessary to enable the reviewing court to decide the questions raised. (ILP Vol 2, Appeal and Error, § 530.) In Grier v. Barkley, 182 Ill App 541, the appellant alleged error by the court in refusing to admit in evidence a certain inventory of an estate. The appellate court said that since it failed to find the inventory in the record, or any statement as to its contents, it was unable to determine whether or not by reason of anything therein stated it was competent or material evidence. Cf., Green v. O'Day, 217 Ill App 103; Township of Lovington v. Adkins, 232 Ill 510, 83 NE 1043; People v. New York Cent. R. Co., 388 Ill 382, 58 NE2d 51.

Similarly in the instant case, since the court record does not contain the hospital records, and there is nothing in the record that reveals their contents, we are unable to determine what the hospital records would disclose that would be material to this case.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.