(Nos. 38650, 39636 cons.—▮▮▮▮▮▮▮)

The People of the State of Illinois, Defendant in Error, *vs.* James Wallace, Plaintiff in Error.

*Opinion filed December 1, 1966.*

Howard T. Goffen, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Albert J. Armonda, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

A jury in the criminal court of Cook County found the defendant, James Wallace, and one James Dorsey, guilty of

attempted robbery. Each was sentenced to the penitentiary for a term of not less than 12 nor more than 14 years. A writ of error to review the judgment of conviction as to Dorsey was transferred to the appellate court on the ground that no substantial constitutional question was presented. The appellate court affirmed. (66 Ill. App. 2d 441.) The judgment of conviction as to the defendant Wallace is now before us on writ of error, and it has been consolidated with his appeal from an order dismissing his post-conviction petition.

The defendants were charged with attempting to rob Kenneth Bartels. The evidence on behalf of the State was that Bartels was a member of a task force undercover unit of the Chicago Police Department. As he walked down the street in civilian clothes, he was attacked and thrown to the ground by Wallace and Dorsey. Wallace kicked Bartels in the back and told Dorsey to get Bartels' wallet. One of the attackers struck Bartels on the head with a bottle. Other members of the undercover unit arrived on the scene, and after sharp struggles they succeeded in subduing and apprehending both men.

The defendant testified that he saw Bartels staggering down the street, thought that he recognized him as a friend, and went to assist him. Bartels then attacked him. Defendant testified that while he was in a squad car on the way to the police station a police officer hit him in the face and that they stopped the car in an alley and took him out of the car and beat him. He also testified that while in the police station they put his head under hot water and thereafter made him hold his head over a waste basket so that he would not bleed on the floor. The evidence showed that officer Bartels was taken at once to a hospital, and the defendant was taken from the police station to a hospital shortly after his arrest.

At the trial police officers testified without objection that during the interrogation of Dorsey and the defendant at the

station, Dorsey was asked if he knew why he had been arrested, and that he replied, "Because we attempted to rob a fellow at 43rd and Forestville." Dorsey also stated that the defendant had hit "the fellow" with a bottle. Defendant was asked whether this was true and he replied, "Yes, we didn't know he was a police officer or we wouldn't have bothered [him]."

At the trial the defendant offered in evidence certain records of the Cook County Jail Hospital and the Cermak Memorial Hospital, a subdivision of the House of Correction. As to the Cook County Jail Hospital records, the defendant offered the testimony of a nurse who had not been employed at the hospital at the time the defendant was confined therein. She testified that, with the exception of the last notation on the record, which was made by her, all of the other notations had been made by "the doctor and inmates." The court refused to admit the record in evidence. As to the records of Cermak Memorial Hospital, the defendant offered the testimony of the medical records librarian who testified that the documents offered were kept under her supervision. The court refused to admit these records in evidence.

The defendant argues that both records should have been admitted because a proper foundation had been laid, and also because the records in question were those of Cook County facilities and were produced in response to a subpoena. He also contends that since the State sent him to these hospitals, and produced the records under subpoena, it cannot challenge their authenticity. The State, relying upon *Wright* v. *Upson,* 303 Ill. 120, 144, and similar cases, contends that an insufficient foundation was laid since all persons who made entries in the record did not testify to their correctness.

In the *Dorsey* case a similar contention was advanced by the defendant and the appellate court held that the question was not open for review because neither the hos-

pital records, nor any indication of their contents by way of offer of proof was contained in the trial court record. *People* v. *Dorsey,* 66 Ill. App. 2d 441, 444.

In our opinion the same result must follow in this case. It is a settled rule of appellate procedure that if evidence, either oral or documentary, is excluded and the appellant claims that the court erred in excluding such evidence, the reviewing court will not consider the claim unless the excluded evidence is made a part of the record. (*Central Illinois Public Service Co.* v. *Deterding,* 331 Ill. 277, 283; *Township of Lovington* v. *Adkins,* 232 Ill. 510, 519.) The excluded exhibits were not made a part of this record and we are unable to determine whether the medical records were relevant in whole or in part, whether they contained inadmissible matter, or whether the exclusion of the records was prejudicial to the defendant. We cannot therefore decide whether the trial court erred in excluding the records. The claim that the court erred in excluding this evidence is the only contention advanced by the defendant on the appeal from the judgment of conviction and since it is not open for consideration, that judgment is affirmed.

The defendant's post-conviction petition alleged that he was illegally arrested; that he was brutally beaten and was interrogated for long periods of time, and was without the benefit of counsel; that the court erred in refusing to admit the hospital records; that the State used testimony which it should have known was false and perjured; and that the prosecutor made improper arguments. The record of the original trial shows that the defendant was represented by counsel requested by him, that no motion to suppress was made and that his incriminating statements were admitted without objection. There was full testimony concerning the defendant's attempts to escape at the time of his arrest, and as to what transpired at the police station. The claim that defendant was beaten while in police custody did not, under these circumstances, require a hearing under the Post-Con-

viction Hearing Act. The claims that the defendant was illegally arrested, that the hospital records were improperly excluded and that the prosecutor's argument was improper, present no substantial constitutional questions. The allegation that the prosecutor used testimony which he should have known was false and perjured was made in general terms and was completely unsupported. In our opinion this allegation was insufficient to require a hearing under the act. The judgment of the trial court dismissing the postconviction petition without requiring a hearing is affirmed.

*Judgments affirmed.*