(No. 43345.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES A. WATSON, Appellant.

*Opinion filed May 21, 1971.*

WARD, J., took no part.

GARY H. PALM, DAVID C. THOMAS, and JEAN POWERS KAMP (Senior Law Student), all of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES STERNIK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In September of 1965 a jury in the circuit court of Cook County found the defendant, James A. Watson, guilty of burglary, and he was sentenced to imprisonment for not less than 5 nor more than 15 years. The judgment was affirmed by the appellate court in September of 1967. (87 Ill. App. 2d 453.) The defendant's post-conviction petition, filed February 10, 1970, was dismissed on the State's motion without an evidentiary hearing on April 28, 1970, and he has appealed. 43 Ill.2d R. 651(a).

The facts appear in the opinion of the appellate court. The defendant's contention upon this post-conviction appeal is that he was deprived of his constitutional right to be tried by a fair and impartial judge. That contention is grounded upon the following statement, alleged to have been made by the judge who tried the case in ruling upon the defendant's pretrial motion to suppress certain evidence taken from him at the time of his arrest: "The police believe you're guilty, the State's Attorney believes you're guilty, I believe you're guilty. The motion to dismiss is denied."

It is claimed that this remark demonstrated a degree of

prejudice that could not have been concealed from the jury at the trial which took place some weeks later, and that this prejudice was responsible for the fact that the defendant was sentenced to imprisonment for a term longer than that recommended by the prosecution.

The case has been complicated by the fact that the judge who tried the case erroneously refused to order a free transcript of the proceedings upon the motion to suppress, in the mistaken belief that the indigent defendant was not entitled to such a transcript. Because the post-conviction petition alleged his prejudice, that judge recused himself. The prosecution's motion to dismiss admitted the factual allegations of the post-conviction petition, and the chief judge of the criminal division who heard the argument upon that motion ruled that the remark relied upon by the defendant did not show prejudice.

We agree with that conclusion. While the issue upon a motion to suppress is the legality of the search, the evidence adduced upon that motion often clearly indicates the guilt of the defendant. A judge should confine his ruling to the issue before him for determination, but the fact that his reaction to the evidence was not strictly confined to that issue does not disqualify him from thereafter conducting a jury trial.

What we have said has been based upon the record before the trial judge upon the post-conviction petition. After the defendant's brief had been filed, this court granted the prosecution's motion for leave to file a supplemental record consisting of the transcript of the hearing on the motion to suppress. That transcript shows that the judge did not make the remark attributed to him by the defendant.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.