# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 21, 2004     Decided January 11, 2005

No. 03-5192

Ramon Lopez
Appellant

v.

Department of Justice,
Appellee

———

Appeal from the United States District Court
for the District of Columbia
(No. 99cv01722)

———

*Sidney A. Rosenzweig*, appointed by the court, argued the cause as *amicus curiae* in support of appellant. With him on the brief was *Robert S. Litt*.

*Ramon Lopez*, pro se, was on the brief for appellant.

*Michael J. Ryan*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *Robin M. Earnest*, Assistant U.S. Attorney. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before: GINSBURG, *Chief Judge*, and SENTELLE and RANDOLPH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: Ramon Lopez appeals the District Court's decision in which the court held that he was not entitled to certain documents related to a grand jury investigation under the Freedom of Information Act ("FOIA"). Specifically, the court held that the documents requested by Lopez fell within the third class of documents exempted from FOIA: documents protected by other statutes (in this case, documents covered by Rule 6(e) of the Federal Rules of Criminal Procedure). *See* Memorandum Opinion, *Lopez v. U.S. Dep't of Justice*, No. 99-1722, slip op. at 4-5 (D.D.C. filed Mar. 19, 2001) ("Memo Order"). *See also* Memorandum Denying Reconsideration, *Lopez v. U.S. Dep't of Justice*, No. 99-1722, slip op. at 6-7 (D.D.C. filed Jan. 21, 2003) ("Denial of Reconsideration"). Lopez contends that the documents requested do not fall under the purview of Rule 6(e), and therefore are not covered by FOIA Exemption 3. Because we agree with the District Court's conclusion that dates on which grand jury subpoenas and requests for production, writs of testificandum and witness debriefings are all items that inherently reveal secret matters occurring before the grand jury, we affirm in part the court's grant of summary judgment. But because dates on which prosecutors interviewed prospective grand jury witnesses do not inherently reveal secret matters occurring before a grand jury, and because the Government has failed to demonstrate how disclosing the date of any particular witness interview would reveal a protected aspect of the grand jury, we remand this case to the District Court, instructing it to order the Department of Justice to release the dates on which it interviewed grand jury witnesses prior to testimony.

## I. Background

On June 19, 1990, Appellant Lopez ("Lopez") was charged in District Court with possession of cocaine with intent to distribute, and conspiracy to possess cocaine. In September 1991 he was tried and convicted on all counts; he was sentenced in January of the following year. Throughout the trial and sentencing, Lopez was represented by A. Scott Miller ("Miller"). With new counsel, Lopez appealed. The conviction was affirmed.

Lopez later learned that the grand jury investigating him had also investigated Miller. On January 12, 1994, Miller pleaded guilty to money laundering and other charges. Lopez moved to vacate his own sentence pursuant to 28 U.S.C. § 2255 (permitting collateral attack on convictions).

Beginning in 1997, Lopez began to file FOIA requests seeking information regarding the grand jury investigation from the U.S. Department of Justice ("DOJ"). In June 1999, Lopez commenced, *pro se*, a civil action under FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, to secure the documents requested. On February 23, 2000, in response to an order of the District Court, Lopez clarified and limited the scope of his requests. The requests were revised over the course of the litigation. By the time the District Court issued its Memo Order, they had taken the following form:

> 1) "All reports of investigations (or segregable portions) during civil or criminal investigations of A. Scott Miller from 1988 through January 13, 1994, including dated handwritten notes, interviews and surveillance by agents of the United States Customs Service." ["Request One"]

2)  "Copies of any and all subpoenas, or segregable portions of it, writs of testificandum, or requests for production of federal or state prisoners before Grand Jury 91-7 or any other grand jury investigating Miller as a target or subject, or for interviews or debriefings."  ["Request Two"]

3)  "Copies of the Report of Investigation closing the first investigation against Miller, opening the second investigation against him, and a report as a result of an interview between Miller and Customs agents in or around May, 1991, which resulted in a false statement charge against Miller."  ["Request Three"]

*Lopez*, Memo Order, slip op. at 3.

With regard to Request Two, Lopez requested that the District Court order the DOJ to produce a *Vaughn* index of the documents being withheld.  *See Vaughn v. Rosen*, 484 F.2d 820, 827-29 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  He made that request in April 2000; two months later, in his June 12, 2000 opposition to DOJ's motion to dismiss the case, he asserted that he was not "requesting any name of witness [*sic*], or jurors . . . but the *dates* that those documents were issued."  Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Jugment [*sic*], and in Support of Plaintiff's Cross Motion for Summary Judgment at 12 (emphasis in original).

In support of its motion for summary judgment, the DOJ cited as a reason for its failure to disclose the sought-after documents:  those matters were "specifically exempted from disclosure by statute."  5 U.S.C. § 552(b)(3) ("Exemption 3").  The "statute" invoked here was Rule 6(e) of the Federal Rules of Criminal Procedure (secrecy of grand jury proceedings).  In March 2001, the District Court granted DOJ's motion for

summary judgment regarding the request for grand jury information, per Exemption 3.  The court did not address the issue of segregability of dates or other information.  Lopez filed a motion for reconsideration, in which he agreed that

> disclosure of the subpoenas and writs of testificandum, which would reveal the identities of the witness before the grand jury is prohibited under Rule 6(e) . . . .  However, disclosure of *segregable portions* of those documents, e.g., the *dates* of the documents were prepared, issued, etc., are not prohibit [*sic*], does not violated [*sic*] the core of the Rule.

Plaintiff's Motion for Reconsideration, Clarification of March 19, 2001 Order at 4 (emphasis in original).

On March 11, 2002, the Court granted Lopez's renewed motion requiring DOJ to file an unredacted *Vaughn* index listing the dates of 15 reports of investigation, but *not* dates on which subpoenas were issued.  The DOJ filed the *Vaughn* index a few weeks later.

Finally, in January 2003, the District Court granted the DOJ summary judgment with respect to FOIA Requests One and Three, per FOIA's Exemption 7(C) (unwarranted invasion of personal privacy).  Denial of Reconsideration at 14 (citing 5 U.S.C. § 552(b)(7)(C)).

Lopez timely filed this appeal.  On March 29, 2004, this Court granted the DOJ's motion for summary affirmance on the issues other than the dates in the grand jury documents.  *Lopez v. U.S. Dep't of Justice*, No. 03-5192 (D.C. Cir. Mar. 29, 2004) (order granting partial summary affirmance).  Attorneys Rosenzweig and Litt were appointed *amicus curiae* to present arguments in favor of Lopez's position.  *Id.*

## II. Analysis

The standard governing a grant of summary judgment in favor of an agency that claims it has fully discharged its FOIA disclosure obligations is well established. . . . [T]he agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact. . . . We review the issue *de novo* on the district court record.

*Steinberg v. DOJ*, 23 F.3d 548, 551 (D.C. Cir. 1994).

This Court recognized long ago that requests for documents related to grand jury investigations implicate FOIA's third exemption, because Rule 6(e) of the Federal Rules of Criminal Procedure prohibits government attorneys and others from "disclos[ing] a matter occurring before the grand jury." FED. R. CRIM. P. 6(e)(2)(B). This is not to say that Rule 6(e) draws "a veil of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury." *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1382 (D.C. Cir.) *(en banc)*, *cert. denied*, 449 U.S. 993 (1980). Quite the contrary: "[t]here is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers." *Senate of the Commonwealth of Puerto Rico v. DOJ*, 823 F.2d 574, 582 (D.C. Cir. 1987) ("*SCPR*"). The relevant inquiry for this Court is whether disclosure of the information requested would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Id.* (internal quotation marks omitted).

This Court need not evaluate the revelatory characteristics of every individual document in each case before it. As the

Supreme Court suggested, "categorical decisions may be appropriate and individual circumstances disregarded when a case fits into a genus in which the balance characteristically tips in one direction." *DOJ v. Reporters Committee for the Freedom of the Press*, 489 U.S. 749, 776 (1989). *See also Maydak v. DOJ*, 218 F.3d 760, 766 (D.C. Cir. 2000). We find such a categorical approach appropriate on the facts before us in this case. Lopez has requested a specific set of classes of documents: grand jury subpoenas, writs of testificandum, requests for production, pre-testimonial interviews, and post-testimonial debriefings. We examine each of those classes of documents in turn.

*Grand Jury Subpoenas*: This Court has recognized that the term "grand jury subpoena" is in some respects a misnomer, because the grand jury itself does not decide whether to issue the subpoena; the prosecuting attorney does. *Doe v. DiGenova*, 779 F.2d 74, 80 & n.11 (D.C. Cir. 1985). But the grand jury's limited role in the formal issuance of a grand jury subpoena is immaterial to the question before us today. On this point there can be no dispute: The date on which a grand jury subpoena was issued inherently tends to "reveal" the "direction of the investigation." The prosecutor may issue the subpoena without the knowledge of the grand jury, but his authority to do so is grounded in the grand jury investigation, not the prosecutor's own inquiry. Federal prosecutors have no authority to issue grand jury subpoenas independent of the grand jury. *See* SARA SUN BEALE ET AL., 1 GRAND JURY LAW AND PRACTICE 6-11 to 6-12 & n.13 (2d ed. 2004). *See also Durbin v. United States*, 221 F.2d 520, 522 (D.C. Cir. 1954) ("It was clearly an improper use of the District Court's process for the Assistant United States Attorney to issue a grand jury subpoena for the purpose of conducting his own inquisition."). *DiGenova* may have noted that the grand jury itself does not decide to issue the subpoena, but it also noted that "a grand jury subpoena gets its name *from*

*the intended use of the testimony*." 779 F.2d at 80 n.11 (emphasis added). Because the evidence and testimony subpoenaed is that which is intended to be used by the grand jury, the subpoenas and the dates on which they are issued tend to reveal the direction of the relevant investigation. All grand jury subpoenas (be they *ad testificandum* or *duces tecum*) and therefore their dates of issuance fall within FOIA's third exemption.

*"Writs of Testificandum" and Requests for Production of Prisoners*: Lopez's Request Two is ambiguous to the extent that it does not specify whether "writs of testificandum" refers to the aforementioned "subpoenas *ad testificandum*" or "writs of habeas corpus *ad testificandum*." But because the following item in Request Two is "requests for production of federal or state prisoners," the ambiguity need not be resolved here.

Writs of habeas corpus *ad testificandum*, when submitted by federal prosecutors to secure the presence of prisoners before the grand jury, are governed by the same rules that govern the issuance of subpoenas: Rule 17 of the Federal Rules of Criminal Procedure. *U.S. v. Garrard*, 83 F.3d 889, 893 (7th Cir. 1996); *U.S. v. Rinchack*, 820 F.2d 1557, 1567 & n.13 (11th Cir. 1987). When these writs are submitted by prosecutors, they are meant to serve the same purposes as subpoenas; they simply obligate a different party (i.e., the custodian of the would-be witness rather than the would-be witness himself). *Garrard*, 83 F.3d at 893. For that reason, the foregoing discussion of subpoenas applies to writs of habeas corpus *ad testificandum* and "requests for production of federal or state prisoners" submitted by the prosecutor for the purpose of securing testimony before the grand jury, and any such writs and requests fall within FOIA's third exemption.

*Preliminary Witness Interviews*: Prosecutors often interview witnesses in advance of grand jury testimony. In considering whether the dates of such interviews tend to reveal the inner workings of a grand jury, we must "differentiate between . . . [the prosecutor's] own investigation, and . . . a *grand jury's* investigation, a distinction of the utmost significance." *In re Sealed Case No. 99-3091*, 192 F.3d 995, 1002 (D.C. Cir. 1999) (emphasis in original). A prosecutor may interview a potential grand jury witness either as part of a "screening" process in advance of actual grand jury testimony, or as part of the prosecution's own investigation. *See United States v. Burke*, 856 F.2d 1492, 1495 (11th Cir. 1988), *cert. denied sub nom. Greeson v. United States*, 492 U.S. 908 (1989).

Because a preliminary interview may serve the distinct interests of the prosecutor *qua* prosecutor or of the prosecutor *qua* "grand jury facilitator," the date of a preliminary interview does not on its face convey any information about "some secret aspect of the grand jury's investigation." In many cases, revealing the dates of preliminary interviews conducted for the purposes of "screening" potential witnesses may in fact "tend to reveal some secret aspect of the grand jury," but we cannot, on the record before this Court, make such a finding on a *categorical* basis. The Government has failed to meet its burden of demonstrating some "nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." *SCPR*, 823 F.2d at 584. Unless the Government can demonstrate that disclosure of the date of a particular preliminary interview would tend to reveal the inner workings of the grand jury investigation, that date is not exempt from disclosure under FOIA's third exemption.

*Subsequent Witness Debriefings*: Just as preliminary interviews may serve the purposes of the prosecutor's own investigation or the purposes of the prosecutor's role with

respect to the grand jury, post-testimony debriefings may also serve dual purposes. But pre-testimony interviews and post-testimony debriefings differ in one material respect: a post-testimony debriefing of a witness inherently indicates that the witness *did*, in fact, *testify* before the grand jury. In this respect, a post-testimony debriefing is much more akin to a grand jury subpoena than to a pre-testimony interview: just as a subpoena indicates that the grand jury wants a witness to testify, a debriefing indicates that the grand jury wanted a witness to testify (and that the witness did, in fact, testify). In either case, there is a nexus between disclosure of the information and revelation of the grand jury's strategy or direction in the past. Therefore, just as we hold that the issuance dates of grand jury subpoenas fall within the third exemption to FOIA, we hold that the dates of post-testimony witness debriefings categorically fall within the third exemption to FOIA.

### III. Conclusion

Because we hold that FOIA's Exemption 3, incorporating Rule 6(e) of the Federal Rules of Criminal Procedure, categorically exempts (i) issuance dates of grand jury subpoenas, (ii) writs of habeas corpus *ad testificandum* and any other type of request of production of prisoners for the purposes of grand jury testimony, and (iii) the dates of post-testimony debriefings of grand jury witnesses, we affirm in part the District Court's grant of summary judgment. But because we hold that the exemption does not include all preliminary interviews conducted by prosecutors supervising grand jury investigations, and because the Government has failed to prove an exemption should be given in the circumstances of this case, we reverse in part the District Court's grant of summary judgment and remand the case for further proceedings consistent with this opinion. We instruct the District Court, upon remand, to order the Government to release the dates it interviewed grand

jury witnesses.