2019 IL App (2d) 170779
No. 2-17-0779
Opinion filed May 20, 2019

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MARVIN WILLIAMS, | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 15-MR-123 |
| | ) | |
| JOSEPH BRUSCATO, as Winnebago | ) | |
| County State's Attorney, | ) | Honorable |
| | ) | J. Edward Prochaska, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Birkett and Justice Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Marvin Williams, filed a complaint alleging that defendant, Joseph Bruscato, in his official capacity as the state's attorney of Winnebago County, improperly denied his requests to disclose under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2016)). The circuit court of Winnebago County granted summary judgment in favor of defendant and against plaintiff. Since the entry of that judgment, Marilyn Hite Ross succeeded Bruscato as state's attorney.[1] Plaintiff appeals, arguing that the trial court erred because, regarding the

_____

[1] Pursuant to section 2-1008(d) of the Code of Civil Procedure (735 ILCS 5/2-1008(d) (West 2016)), the present official should be substituted for the predecessor. Ms. Hite Ross has

information plaintiff sought, (1) "no bills and true bills" are not exempt from disclosure under section 7(1)(a) of FOIA (5 ILCS 140/7(1)(a) (West 2016)), (2) section 112-6(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/112-6(b) (West 2016)) does not prohibit disclosure of "[t]he deliberations and vote of any grand juror," and (3) itinerary sheets for individual indictments presented to the grand jury are not exempt from disclosure under section 7(1)(a) of FOIA or section 112-6. For the following reasons, we affirm in part and reverse in part.

¶ 2                              I. BACKGROUND

¶ 3     To provide background, we take judicial notice of our own records. See *Auto-Owners Insurance Co. v. Konow*, 2016 IL App (2d) 150823, ¶ 5. In 1998, a jury found plaintiff guilty of two counts of first-degree murder (720 ILCS 5/9-1(a)(3) (West 1996)) in connection with the shooting deaths of a man and a woman at a house in Rockford on March 18, 1997. This court affirmed plaintiff's convictions on direct appeal. See *People v. Williams*, 313 Ill. App. 3d 849 (2000). Thereafter, plaintiff appealed the trial court's denial of his motions for leave to file a successive petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)) and for scientific testing of evidence under section 116-3 of the Code (*id.* § 116-3). We affirmed the trial court's judgment. *People v. Williams*, 2012 IL App (2d) 110539-U, ¶ 32.

¶ 4                      A. Plaintiff's FOIA Requests and Response

¶ 5     On November 13, 2014, plaintiff sent a letter to defendant seeking disclosure of certain documents, pursuant to FOIA. Plaintiff requested the following:

> "1. All 'No-Bills' and 'True Bills' of Indictment for May 7th and May 14th 1997,
> of the Grand Jury (CRIMINAL).

_____

filed her appearance in this appeal.

2. The 'Deliberation & Vote' for May 14th 1997, [P]eople v. Marvin Williams case No. 97-CF-1081, Grand Jury.

3. Itinerary Sheet for all 'No-Bills' and 'True-Bills' for May 7th & 14th 1997 Grand Jury (CRIMINAL)."

¶ 6    In a letter dated November 18, 2014, David Kurlinkus, the FOIA officer for the Winnebago County State's Attorney's Office, responded:

"I call your attention to 5 ILCS 140/7(1)(a) which exempts certain records from FOIA, including, 'Information specifically prohibited from disclosure by federal or *state law…*' (emphasis added).  The Illinois Criminal Code of Procedure at 725 ILCS 5/112-6(a) states that Grand Jury proceedings are secret and are only open to the 'State's Attorney, his reporter and any other persons authorized by the court or by law.'

As such, since the documents you requested, if they exist, are exempt from disclosure under FOIA, this office will not provide you a copy of them."  (Emphasis in original.)

¶ 7                                B. Complaint and Answer

¶ 8    In July 2015, plaintiff filed a three-count amended complaint alleging that defendant violated FOIA by denying his requests.  Plaintiff alleged that each FOIA violation was done willfully and intentionally, or otherwise in bad faith.  Plaintiff sought declaratory and injunctive relief, attorney fees, and penalties.  Plaintiff attached, as exhibits to his complaint, his letter to defendant and Kurlinkus's response.

¶ 9    On August 25, 2015, defendant filed an answer and affirmative defenses to plaintiff's complaint.  Defendant denied that he violated FOIA by denying plaintiff's requests.  Defendant also denied that the alleged violations were done intentionally and willfully, or otherwise in bad faith.

¶ 10    As his affirmative defenses, defendant asserted that the documents plaintiff sought were exempt from disclosure under section 7(1)(a) of FOIA (5 ILCS140/7(1)(a) (West 2016)) (exempting "[i]nformation specifically prohibited from disclosure by federal or state law or rules and regulations implementing federal or State law")) and section 112-6 of the Code (725 ILCS 5/112-6 (West 2016)).

¶ 11                    C. Cross-Motions for Summary Judgment

¶ 12    On January 19, 2017, defendant moved for summary judgment, pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2016)), as to all counts of plaintiff's amended complaint.  On May 22, 2017, plaintiff moved for summary judgment as to all counts of his amended complaint.

¶ 13    On August 30, 2017, the trial court granted judgment on all counts in favor of defendant and against plaintiff.   On September 27, 2017, plaintiff filed his notice of appeal.

¶ 14                            II. ANALYSIS

¶ 15    Summary judgment motions are governed by section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2016)).  Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*; *Perry v. Department of Financial & Professional Regulation*, 2018 IL 122349, ¶ 30.  A genuine issue of material fact exists when the material facts are disputed, or when the material facts are undisputed but reasonable persons might draw different inferences from those undisputed facts.  *Carney v. Union Pacific R.R. Co.*, 2016 IL 118984, ¶ 25.  "Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt." *Seymour v. Collins*, 2015 IL 118432, ¶ 42.

¶ 16 When parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues based on the record. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. However, the filing of cross-motions for summary judgment does not establish that there is no genuine issue of material fact, nor does it obligate a court to render summary judgment. *Id.*

¶ 17 Our review of the trial court's grant of summary judgment is *de novo*. *Perry*, 2018 IL 122349, ¶ 30. *De novo* review is also appropriate to the extent that this case turns on statutory construction. *Id.*

¶ 18 The primary goal of statutory construction is to ascertain and give effect to the intent of the legislature. *Oswald v. Hamer*, 2018 IL 122203, ¶ 10. All other rules of statutory construction are subordinate to this cardinal principle. *Id.* The most reliable indicator of the legislature's intent is the plain language of the statute itself, which must be given its plain and ordinary meaning. *Id.* The court must view the statute as a whole, construing words and phrases in the context of other relevant statutory provisions and not in isolation. *Id.* Further, the court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. *Id.*

¶ 19 FOIA expressly declares its underlying public policy and legislative intent in section 1, which provides that "all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act." 5 ILCS 140/1 (West 2016). Section 1 explains that "[s]uch access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." *Id.* Consequently, section 1 provides that "[i]t is a fundamental obligation of government to operate

openly and provide public records as expediently and efficiently as possible in compliance with this Act." *Id*. As indicated by this "clear expression of legislative intent," public records are presumed to be open and accessible. *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 25. FOIA is to be liberally construed to achieve the goal of providing the public with easy access to government information. *Id*. Thus, a public body must comply with a proper request for information unless one of FOIA's narrow statutory exemptions applies. *Id*.

¶ 20                                    A. Count I

¶ 21    In count I, plaintiff alleged that defendant violated FOIA by denying his request for the grand jury's (1) no bills and (2) true bills of indictment for May 7 and May 14, 1997. Because "no bills" and "true bills" are distinct items, we discuss them separately.

¶ 22                              1. No Bills of Indictment

¶ 23    Regarding "no bills," plaintiff takes a new position on appeal. He now "agrees that the names on any No Bill should not be disclosed," because such disclosure would tarnish "the reputation of a person for whom there is no credible evidence to show involvement in any criminal activity." Plaintiff instead requests, for the first time on appeal, that a "list should be produced with the names related to any No Bill redacted."

¶ 24    Plaintiff's attempt to alter his claim on appeal is unavailing. It is well settled in Illinois that an appellant who fails to raise an issue before the trial court forfeits the issue and may not raise it for the first time on appeal. See *In re Shauntae P.*, 2012 IL App (1st) 112280, ¶ 93. Allowing a party to change its theory of the case on appeal would weaken the adversarial process and likely prejudice the opposing party. *Daniels v. Anderson*, 162 Ill. 2d 47, 58 (1994). The purpose of the forfeiture rule "is to encourage parties to raise issues in the trial court, thus ensuring both that the trial court is given an opportunity to correct any errors prior to appeal and that a party does not obtain a reversal through his or her own inaction." *1010 Lake Shore Ass'n*

*v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14. Here, plaintiff never requested redacted no bills from defendant. Indeed, the issue was not raised until plaintiff filed his appellate brief. Thus, defendant did not have an opportunity to grant or deny plaintiff's new request and the trial court had no opportunity to address it. For this reason we hold that plaintiff has forfeited his new request for a list of no bills with the names redacted. See *id*. ¶ 15.

¶ 25    As to plaintiff's claim below, we determine that the trial court properly ruled that "no bills" are subject to the secrecy requirements of section 112-6 of the Code and are thus exempt under section 7(1)(a) of FOIA. Section 7(1) of FOIA provides that certain categories of records "shall be exempt from inspection and copying." 5 ILCS 140/7(1) (West 2016). Pertinent to this appeal, section 7(1)(a) exempts "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law." *Id*. § 7(1)(a). The trial court determined that disclosure of the requested materials was prohibited under section 112-6(c)(1) of the Code (725 ILCS 5/112-6(c)(1) (West 2016)), which bars disclosure of "matters occurring before the Grand Jury," rendering the requested materials exempt from disclosure pursuant to section 7(1)(a) of FOIA.

¶ 26    "The grand jury is an English institution, brought to this country by the early colonists and incorporated in the Constitution by the Founders." (Internal quotation marks omitted.) *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 30; see also *Costello v. United States*, 350 U.S. 359, 362 (1956). "The function of a grand jury is not to determine the sufficiency of evidence to convict [citation] but rather to determine whether there is probable cause to believe a crime has been committed and, in the process, exonerate innocent individuals accused of crimes [citation]." *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 30; see also *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972) (explaining that the dual function of the grand jury is to determine whether there is probable cause to believe that a crime has been committed and to

protect individuals against "unfounded criminal prosecutions"); accord *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 392 (1992). The policy reasons for maintaining grand jury secrecy include protecting from unwarranted exposure those under investigation who are not indicted. See, *e.g.*, *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 219 n.10 (1979); *People v. Johnson*, 31 Ill. 2d 602, 605 (1964).

¶ 27    In this case, disclosure of "no bills" as plaintiff requested below would expose innocent persons who had been exonerated by the grand jury. Furthermore, no bills, having not been placed in the public record, would be exempt even with names, witness names, or any identifying information redacted. Therefore, the trial court properly determined that the no bills plaintiff requested were exempt from disclosure pursuant to section 7(1)(a) of FOIA.

¶ 28                              2. True Bills of Indictment

¶ 29    Plaintiff argues that true bills are not exempt under FOIA, because they are filed in open court and thus are not secret. Plaintiff cites section 112-4(d) of the Code (725 ILCS 5/112-4(d) (West 2016)) to support his argument.

¶ 30    Section 112-4(d) provides:

> "If 9 grand jurors concur that the evidence before them constitutes probable cause that a person has committed an offense the State's Attorney shall prepare a Bill of Indictment charging that person with such offense. The foreman shall sign each Bill of Indictment which shall be returned in open court." *Id*.

¶ 31    Defendant argues that plaintiff did not request a "*Bill of Indictment*"; rather he requested *true bills of indictment*. Defendant makes a distinction without a difference. A true bill of indictment is the same as a bill of indictment. See *People ex rel. Sears v. Romiti*, 50 Ill. 2d 51, 61 (1971) (A bill of indictment is a formal document accusing those named of committing a crime. If the grand jury decides a trial ought to be held, "they indorse on it 'a true bill;' if

otherwise, 'not a true bill.' " (Internal quotation marks omitted.) (quoting Black's Law Dictionary (4th ed. 1951))). Accordingly, plaintiff's use of the term "true" in his request for bills of indictment is not dispositive.

¶ 32 The issue is whether, as defendant maintains and the trial court ruled, true bills of indictment are subject to the secrecy requirements of section 112-6 of the Code and thus are exempt under section 7(1)(a) of FOIA.

¶ 33 The trial court determined that the true bills requested by plaintiff were "matters occurring before the Grand Jury," rendering the requested materials exempt from disclosure pursuant to section 112-6(c)(1) of the Code and section 7(1)(a) of FOIA.

¶ 34 Section 112-6 of the Code is modeled after Rule 6(e) of the Federal Rules of Criminal Procedure. *Id.* at 58-59. Rule 6(e) prohibits grand jurors, government attorneys, and other persons attached to federal grand jury proceedings from disclosing a "matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B)(i)-(vii). Because both the federal rule and the statute contain substantially similar language, we look to federal cases in construing the similar Illinois statute. See *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 35. Federal courts interpreting the phrase "matters occurring before the grand jury" have determined that it encompasses any material that tends to "reveal some secret aspect of the grand jury's investigation, [including] the identities of witnesses or jurors." (Internal quotation marks omitted.) *Lopez v. Department of Justice*, 393 F.3d 1345, 1349 (D.C. Cir. 2005).

¶ 35 Section 17 of the Jury Act requires the foreman of the grand jury to note on a true bill "the name or names of the witness or witnesses upon whose evidence the same shall have been found." 705 ILCS 305/17 (West 2016).[2]

---

[2] We note that the failure to list the witnesses is not grounds to bar testimony of those

¶ 36　　Here, providing plaintiff with true bills of indictment for May 7 and May 14, 1997, (1) would expose the names of those who were investigated and indicted and (2) might reveal the identities of witnesses. Exposing the names of those investigated and indicted would not reveal matters occurring before the grand jury. As discussed, after the foreman signs a bill of indictment, it is returned in open court, pursuant to section 112-4(d) of the Code. Therefore, the bill is of public record and not secret. However, the identities of witnesses are "matters occurring before the grand jury," and, therefore, such names are exempt from disclosure pursuant to section 112-6(c)(1) of the Code and section 7(1)(a) of FOIA. See *In re Special Prosecutor*, 2019 IL 122949, ¶ 36 (citing *Lopez*, 393 F.3d at 1349). Thus, plaintiff's request for the true bills of indictment for May 7 and May 14, 1997, are partially exempt from disclosure by section 7(1)(a) of FOIA and section 112-6 of the Code. Accordingly, we reverse the trial court's judgment in defendant's favor and against plaintiff as to this part of count I. We order defendant to provide plaintiff with the true bills of indictment for May 7 and May 14, 1997, with the names of witnesses redacted.

¶ 37　　　　　　　　　　　　　　B. Count II

¶ 38　　Plaintiff argues that he was entitled to summary judgment regarding count II. Count II alleged that defendant violated FOIA by denying plaintiff's request for the deliberations and votes of the grand jury for May 14, 1997, in People v. Marvin Williams, case No. 97-CF-1081. Plaintiff argues that he was entitled to summary judgment on this count because section 112-6(b) of the Code does not prohibit disclosure of "[t]he deliberations and vote of any grand juror." Defendant counters that the statute, when read as a whole, prohibits disclosure of the deliberations and vote of the grand jury. We agree with defendant.

---

witnesses. *Cross v. People*, 192 Ill. 2d 291, 301 (1901).

¶ 39    In determining the plain meaning of a statute, we consider the subject the statute addresses and the legislative purpose in enacting it.  *People v. Dominguez*, 2012 IL 111336, ¶ 16. Where statutory provisions are clear and unambiguous, the plain language as written must be given effect, without reading into it exceptions, limitations, or conditions that the legislature did not express.  *People v. Wright*, 194 Ill. 2d 1, 29 (2000).  A court may not inject provisions that are not found in a statute.  *People v. Roberts*, 214 Ill. 2d 106, 116 (2005).  Furthermore, our supreme court has repeatedly held that statutes should be read as a whole and construed so that no part is rendered meaningless or superfluous.  *People v. Lloyd*, 2013 IL 113510, ¶ 25.

¶ 40    Section 112-6 provides in relevant part:

"Secrecy of proceedings.  (a) Only the State's Attorney, his reporter and any other person authorized by the court or by law may attend the sessions of the Grand Jury.  *Only the grand jurors shall be present during the deliberations and vote of the Grand Jury.*  If no reporter is assigned by the State's Attorney to attend the sessions of the Grand Jury, the court shall appoint such reporter.

(b)  Matters other than the deliberations and vote of any grand juror shall not be disclosed by the State's Attorney, except as otherwise provided for in subsection (c).  The court may direct that a Bill of Indictment be kept secret until the defendant is in custody or has given bail and in either event the clerk shall seal the Bill of Indictment and no person shall disclose the finding of the Bill of Indictment except when necessary for the issuance and execution of a warrant.

(c)(1)  Disclosure otherwise prohibited by this Section of matters occurring before the Grand Jury, other than its deliberations and the vote of any grand juror, may be made to:

a. a State's Attorney for use in the performance of such State's Attorney's duty; and

b. such government personnel as are deemed necessary by the State's Attorney in the performance of such State's Attorney's duty to enforce State criminal law." (Emphasis added.)  725 ILCS 5/112-6(a), (b), (c) (West 2016).

¶ 41    Reading section 112-6 as a whole, as we must, it is apparent that the legislature intended to maintain the secrecy of the deliberations and vote of a grand jury.  Section 112-6(a) provides that "[o]nly the grand jurors shall be present during the deliberations and vote of the Grand Jury."  *Id.* §112-6(a).    Further, section 112-6(c)(1) provides that "[d]isclosure otherwise prohibited by this Section of matters occurring before the Grand Jury, other than its deliberations and the vote of any grand juror, may be made" to specified individuals.  *Id.* § 112-6(c)(1).  The language "other than its deliberations and the vote of any grand juror" in section 112-6(c)(1) demonstrates the legislature's clear intent that those deliberations and votes may not be disclosed.  See *Lloyd*, 2013 IL 113510, ¶ 25 (one of the purposes of secrecy is to insure the grand jury freedom in its deliberations); see also *People v. Leavitt*, 2014 IL App (1st) 121323, ¶ 56 (interpreting section 112-6).  Thus, reading the statute as a whole, defendant did not violate FOIA by denying plaintiff's request for "a copy of the individual deliberations and votes of the grand jurors for indictments returned in May and June of 2001."  Accordingly, the trial court properly granted summary judgment in favor of defendant and against plaintiff as to count IV.

¶ 42    Our interpretation is in accord with federal law.  Federal courts interpreting the phrase "matters occurring before the grand jury" for purposes of Rule 6(e) have found that the phrase encompasses any material that tends to "reveal some secret aspect of the grand jury's investigation, [including] the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like."

(Internal quotation marks omitted.) *Lopez*, 393 F.3d at 1349; see *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988) ("The term 'matters occurring before a grand jury' has been defined to include anything that will reveal what transpired during the grand jury proceedings.").

¶ 43                                    C. Count III

¶ 44    Regarding count III, plaintiff argues that the trial court erred by granting summary judgment in favor of defendant, because his request for the "Itinerary Sheet[s] for all 'No-Bills' and 'True-Bills' for May 7th & 14th 1997 Grand Jury" were not exempt from disclosure under section 7(1)(a) of FOIA or section 112-6 of the Code. Plaintiff contends that the trial court erred by determining that these materials constituted "matters occurring before the grand jury," because a list is not an occurrence and the list was created by defendant's staff for use before and after the list reached the grand jury room. Defendant counters that the protections of section 112-6 apply here because releasing the itinerary records requested by plaintiff would reveal not only the names of those indicted by the grand jury but also the names of potentially innocent persons. We agree with defendant.

¶ 45    Here, plaintiff sought "Itinerary Sheet[s] for all 'No-Bills' and 'True-Bills' for May 7th & 14th 1997 Grand Jury"—in other words, the list of names of individuals under investigation before the grand jury and the dates of the hearings. Complying with plaintiff's request could expose the names of innocent persons who were under investigation but were not indicted, thereby defeating one of the reasons for maintaining grand jury secrecy. See *Johnson*, 31 Ill. 2d at 605 ("The policy of grand jury secrecy is intended *** to protect an accused person who is not indicted against unwarranted exposure ***."). Further, we reject plaintiff's contention that there is no need for secrecy 16 years after the creation of an itinerary sheet. "[T]he interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *Douglas Oil Co.*, 441 U.S. at 222. Section 112-6 of the Code prohibited disclosure

of the requested materials, triggering the exemption provided by section 7(1)(a) of FOIA. Accordingly the trial court properly granted summary judgment in favor of defendant and against plaintiff regarding count III.

¶ 46    As previously noted, federal courts have found that the phrase "matters occurring before the grand jury" encompasses any material that tends to "reveal some secret aspect of the grand jury's investigation, [including] the identities of witnesses or jurors, the substance of testimony, the strategy or directions of the investigation, the deliberations or questions of jurors, and the like." (Internal quotation marks omitted.) *Lopez*, 393 F.3d at 1349; see *Phillips*, 843 F.2d at 441 ("The term 'matters occurring before a grand jury' has been defined to include anything that will reveal what transpired during the grand jury proceedings.").

¶ 47    Further, in *Murphy v. Executive Office for United States Attorneys*, 789 F.3d 204, 209-10 (D.C. Cir. 2015), the federal court interpreted the phrase "a matter occurring before the grand jury" for purposes of Rule 6(e) to include the dates and times of day that a grand jury met. Therefore, the court affirmed the government's denial of a prisoner's FOIA request for such information. *Id*. at 213. Accordingly, we determine that a list of individuals presented for indictment is also encompassed by the phrase "matters occurring before the grand jury."

¶ 48                            III. CONCLUSION

¶ 49    For the reasons stated, we reverse in part the trial court's grant of summary judgment in defendant's favor and against plaintiff regarding count I. We affirm all other aspects of the trial court's order.

¶ 50    Affirmed in part and reversed in part.